IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Audra McLeod ) | |
| 2427 Poplar ) | |
| Kansas City, Missouri 64127 ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. |
| ) | |
| Fishnet Consulting, Inc., ) | |
| also known as and doing ) | |
| Business as "Fishnet Security", ) | |
| 1710 Walnut ) | |
| Kansas City, Missouri 64108 ) | |
| ) | |
| [SERVE: ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

**COMES NOW** plaintiff, and states and alleges the following as and for his causes of action against defendant.

## ALLEGATIONS COMMON TO ALL COUNTS

### A. PARTIES

1. Plaintiff is a citizen and resident of Kansas City, Jackson County, Missouri, residing at the addresses shown hereinabove.

2. Plaintiff is a black American citizen.

3. Defendant is a corporation doing business in the Western District of Missouri with its main office being located at the address shown hereinabove. Furthermore, it had agents, servants, and employees whose actions and omissions are part of the liability foundation for this case, since all such agents, servants, and employees acted within the course and scope of their relationship with the corporate defendant. This defendant has more than 30 employees.

## B. JURISDICTION

4. On or about April 20, 2001, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and (by dual filing) the Missouri Commission on Human Rights, alleging discrimination by defendant. Said charge was designated as and Equal Employment Opportunity Commission Charge No. 281A11193 and Missouri Commission on Human Rights.

5. On or about February 14, 2002, the Equal Employment Opportunity Commission issued a Notice of Right to Sue to plaintiff McLeod in her case numbered above. A copy of this document is attached hereto as Exhibit A and incorporated herein as though fully set forth.

6. The Missouri Commission on Human Rights has not yet issued a Notice of Right to Sue to plaintiff McLeod in her case numbered hereinabove.

7.      This lawsuit is being filed within ninety (90) days of receipt of the letter mentioned hereinabove.

## C.  FACTUAL ALLEGATIONS

8.      Plaintiff McLeod was first employed as the Administrative Assistant with defendant as of January 31, 2000.  Her employment continued until she was terminated on January 25, 2001.

## HISTORY OF RACE DISCRIMINATION

9.      "Fishnet's" workforce itself indicates a pattern and practice of disparate treatment and discriminatory motivation that reflects plaintiff's employment by defendant.   This includes, but is not limited to, the following things:

- A pattern of employee appointments has been maintained in such a way that it has created a mostly majority workforce.

- There has been a pattern of disparate treatment toward the plaintiff as compared to the other employees in terms of opportunities actually rendered to such employees. This has involved a preference for there being much more of a token employee at Fishnet rather than a pro-active, and productive employee.

## RACE DISCRIMINATON AS TO PLAINTIFF PERSONALLY.

10.     Plaintiff's experiences bear out the pattern indicated above. Defendant's Vice President Mary Fish has resented and resisted plaintiff's professional efforts and initiatives while an Administrative Assistant as well as

her professional advancement and recognition. This has all been done under circumstances wherein plaintiff's race has been a motivating factor. It has included all of the following things:

- Resentment of and resistance to plaintiff's interest in promotional opportunities within the company.

- The Vice President's rejection of ideas and initiatives recommended by plaintiff.

- Denial of the resources necessary to further plaintiff's work as an Administrative Assistant and plaintiff's professional advancement.

- Racially insensitive statements and comments about having a black chauffeur when she was young.

- Assigning plaintiff menial and subservient tasks.

- A racially hostile environment including even the refusal of plaintiff communication on occasion.

- Public ridicule and derogation of plaintiff before management, employees, and staff.

- Differential handling of public announcements regarding professional matters, specifically including the fact of plaintiff's termination.

In all of these respects, plaintiff has been treated differently than similarly situated Caucasians.

11. Plaintiff's actual job performance has contrasted dramatically with the Vice President's pretextual reasons for disparate treatment of her.

12. This discrimination has been particularly egregious in view of the performance plaintiff has had as the Administrative Assistant at Fishnet. Initially, plaintiff received uniformly excellent reviews for her job performance and received several raises during her first year of employment. This continued thereafter through approximately January 25, 2001.

13. When plaintiff was terminated, Vice President Fish included therein numerous supposedly-reported, career-damning, allegations of tardiness and absenteeism against plaintiff, as well as work performance. These were wholly pretextual. Plaintiff has asked for the specific details regarding these claims, including the names of persons who supposedly made such statements to Vice President Fish. No information has ever been forthcoming. Plaintiff believes that there does not exist the long line of "management, employees or staff" which the Vice President claims.

**RETALIATION.**

14. On January 8, 2001, plaintiff did meet with CEO, Gary Fish, in which plaintiff did indicate her belief "…that I am the recipient of discriminatory treatment." Seventeen days later, plaintiff received a phone call from Mary Fish that she was terminated, effective immediately. Plaintiff believes this termination was motivated by retaliation for her having raised the

5

discrimination issue.   Plaintiff was within her rights to raise the discrimination issue.   Plaintiff should not have been punished for doing so.   This constitutes retaliation under the law.

## **CULMINATION OF THE DISCRIMINATION.**

15.   Plaintiff alleges that defendant's actions and omissions created an abusive, hostile, intimidating, offensive environment in which to work.   Her race and retaliation were motivating factors in these actions and omissions.

16.   The treatment rendered plaintiff by defendant had the effect of limiting, segregating, classifying, and discriminating against her in ways which jeopardized her career and tended to deprive her of employment opportunities by reason of her race, retaliation, and otherwise to adversely affect her status as an employee because of these same things.   The treatment detracted from her job performance.

17.   The defendant has practiced and does practice discrimination as outlined herein, in the hiring, promotion, discipline, and firing policies, practices, procedures, and customs, all affecting the compensation, terms, conditions and privileges of employment.   This includes the conduct which had the effect of unreasonably interfering with plaintiff's work performance and creating an abusive, hostile, intimidating, offensive working environment.

18.   Plaintiff's eventual termination was the culmination of this discrimination.

19. Furthermore, all of the actions and/or omissions described herein took in the Western District of Missouri. All of the actions and/or omissions described herein were accomplished by agents, servants or employees of defendant acting within the course and scope of their employment and/or other relationships with defendant.

## COUNT I --- FEDERAL CLAIM (TITLE VII) -- DISCRIMINATION BASED UPON RACE

20. Defendant intentionally engaged in unlawful employment practices by discriminating against plaintiff based upon her race, all in violation of 42 U.S.C. §2000(e) et seq., Title VII of the Civil Rights Act of 1964 as amended. This was done by practices, acts and omissions as set out herein. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000(e)-5(f), 28 U.S.C. §§1331 and 1343 (3)(4), and 28 U.S.C. §§2201 and 2202.

21. As a direct and proximate result of defendant's unlawful acts, plaintiff suffered:

      (a)    economic loss in the form of lost wages and lost benefits;

      (b)    vocational-professional losses in the form of a detrimental job record, loss of employment, career damage, a diminished career potential, and future pecuniary losses; and

(c) emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental distress in the form of embarrassment, humiliation, and anxiety.

22. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and her reasonable attorney's fees incurred herein, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) and paragraphs 5-(f).

23. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and/or outrageous because of defendant's evil motive and/or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

**WHEREFORE**, plaintiff prays under Count I of this Complaint that this Court find that the defendant has engaged in unlawful employment practices under the laws governing equal employment opportunities and, because of said unlawful employment practices, grant and award:

(a) a permanent injunction enjoining defendant, its officers, agents, employees, successors, and assigns, and all persons acting in concert or participating with defendant, from engaging in any employment practice which discriminates

>           against persons because of race or
>           disability including plaintiff herein;
>
> (b)     reinstatement to her position with
>           defendant;
>
> (c)     a judgment in an amount allowed by law
>           for her actual and exemplary damages;
>
> (d)     the cost and expenses of this action.

## COUNT II --- FEDERAL CLAIM (TITLE VII) -- DISCRIMINATION BASED UPON RETALIATION

24. Defendant intentionally engaged in unlawful employment practices by discriminating against plaintiff based upon retaliation, all in violation of 42 U.S.C. §2000(e) et seq., Title VII of the Civil Rights Act of 1964 as amended, by practices, acts and omissions as set out herein. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000(e)-5(f), 28 U.S.C. §§1331 and 1343 (3)(4), and 28 U.S.C. §§2201 and 2202. Defendant thus maintained a pattern, practice and policy of retaliatory discrimination in employment opportunities, terms, and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff. The specific complaint in this count pertains to defendant's retaliation against plaintiff by firing her after she complained about the discrimination described elsewhere herein.

25. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered:

    (a)    economic loss in the form of lost wages and lost benefits;

    (b)    vocational-professional losses in the form of a detrimental job record, loss of employment, career damage, a diminished career potential, and future pecuniary losses; and

    (c)    emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental distress in the form of embarrassment, humiliation, and anxiety.

26. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and her reasonable attorney's fees incurred herein, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) and paragraphs 5-(f).

27. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and/or outrageous because of defendant's evil motive and/or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

**WHEREFORE**, plaintiff prays under Count II of this Complaint that this Court find that the defendant has engaged in unlawful employment practices

under the laws governing equal employment opportunities and, because of said unlawful employment practices, grant and award:

      (a)    a permanent injunction enjoining defendant, its officers, agents, employees, successors, and assigns, and all persons acting in concert or participating with defendant, from engaging in any employment practice which discriminates against persons because of retaliation, including plaintiff herein;

      (b)    reinstatement to her position with defendant;

      (c)    a judgment in an amount allowed by law for her actual and exemplary damages;

      (d)    the cost and expenses of this action.

## COUNT III --- MISSOURI CLAIM --- DISCRIMINATION BASED UPON RACE

28.    Defendant intentionally engaged in unlawful employment practices by discriminating against plaintiff based upon her race, all in violation of §213.055, R.S.Mo. 1986, as amended, by practices, acts and omissions as set out herein.

29.    As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered:

      (a)    economic loss in the form of lost wages and lost benefits;

11

      (b)     vocational-professional losses in the form of a detrimental job record, loss of employment, career damage, a diminished career potential, and future pecuniary losses; and

      (c)     emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental distress in the form of embarrassment, humiliation, and anxiety.

30.    As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and her reasonable attorney's fees incurred herein, pursuant to the provisions of Chapter 213, R.S.Mo. 1986, as amended.

31.    The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and/or outrageous because of defendant's evil motive and/or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

**WHEREFORE**, plaintiff prays under Count III of this Complaint that this Court find that the defendant has engaged in unlawful employment practices under the laws governing equal employment opportunities and, because of said unlawful employment practices, grant and award:

      (a)     a permanent injunction enjoining defendant, its officers, agents, employees, successors, and assigns, and all persons

>                acting in concert or participating with
>                defendant, from engaging in any
>                employment practice which discriminates
>                against persons because of race or
>                handicap, including plaintiff herein;
>
> (b)   reinstatement to her position with
>       defendant;
>
> (c)   a judgment in an amount allowed by law
>       for her actual and exemplary damages;
>
> (d)   plaintiff the cost and expenses of this
>       action.

## COUNT IV --- MISSOURI CLAIM --- RETALIATION

32.   Defendant intentionally engaged in unlawful employment practices by discriminating against plaintiff based upon retaliation, all in violation of §213.055, R.S.Mo. 1986, as amended, by practices, acts and omissions as set out herein. Defendant thus maintained a pattern, practice and policy of retaliatory discrimination in employment opportunities, terms, and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff. The specific complaint in this count pertains to defendant's retaliation against plaintiff by firing her after she complained about the discrimination described elsewhere herein.

13

33. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered:

    (a) economic loss in the form of lost wages and lost benefits;

    (b) vocational-professional losses in the form of a detrimental job record, loss of employment, career damage, a diminished career potential, and future pecuniary losses; and

    (c) emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental distress in the form of embarrassment, humiliation, and anxiety.

34. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and her reasonable attorney's fees incurred herein, pursuant to the provisions of Chapter 213, R.S.Mo. 1986, as amended.

35. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and/or outrageous because of defendant's evil motive and/or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

14

**WHEREFORE**, plaintiff prays under Count IV of this Complaint that this Court find that the defendant has engaged in unlawful employment practices under the laws governing equal employment opportunities and, because of said unlawful employment practices, grant and award:

(a) a permanent injunction enjoining defendant, its officers, agents, employees, successors, and assigns, and all persons acting in concert or participating with defendant, from engaging in any employment practice which discriminates against persons because of retaliation, including plaintiff herein;

(b) reinstatement to her position with defendant;

(c) a judgment in an amount allowed by law for her actual and exemplary damages;

(d) plaintiff the cost and expenses of this action.

COUNT V --- 42 U.S.C. §1981 --- RACIAL DISCRIMINATION

36. The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions and privileges incident to her employment, because of her race, all in violation of 42 U.S.C. §1981. Defendant thus maintained a pattern, practice and policy of racial and other discrimination in employment opportunities, terms and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff.

15

37. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered:

    (a)    economic loss in the form of lost wages and lost benefits;

    (b)    vocational-professional losses in the form of a detrimental job record, loss of employment, career damage, a diminished career potential, and future pecuniary losses; and

    (c)    emotional pain, suffering, inconvenience, loss of enjoyment, of life and mental distress in the form of embarrassment, humiliation, and anxiety.

38. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and her reasonable attorney's fees incurred herein, pursuant to the provisions of 42 U.S.C. §1981.

39. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and/or outrageous because of defendant's evil motive and/or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

**WHEREFORE**, plaintiff prays under Count IV of this Complaint that this Court find that the defendant has engaged in unlawful employment practices

under the laws governing equal employment opportunities and, because of said unlawful employment practices, grant and award:

      (a)    a permanent injunction enjoining defendant, its officers, agents, employees, successors, and assigns, and all persons acting in concert or participating with defendant, from engaging in any employment practice which discriminates against persons because of retaliation, including plaintiff herein;

      (b)    reinstatement to her position with defendant;

      (c)    a judgment in an amount allowed by law for her actual and exemplary damages;

      (d)    plaintiff the cost and expenses of this action.

## COUNT VI --- 42 U.S.C. §1981 --- RETALIATION

40.    The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions, and privileges incident to her employment, because of retaliation, all in violation of 42 U.S.C. §1981. Defendant thus maintained a pattern, practice and policy of retaliatory discrimination in employment opportunities, terms, and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff. The specific complaint in this count pertains to defendant's

retaliation against plaintiff by firing her after she complained about the discrimination described elsewhere herein.

41. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered:

    (a) economic loss in the form of lost wages and lost benefits;

    (b) vocational-professional losses in the form of a detrimental job record, loss of employment, career damage, a diminished career potential, and future pecuniary losses; and

    (c) emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental distress in the form of embarrassment, humiliation, and anxiety.

42. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and her reasonable attorney's fees incurred herein, pursuant to the provisions of 42 U.S.C. §1981.

43. The discrimination described hereinabove against plaintiff by defendant were intentional, willful, wanton, malicious, and/or outrageous because of defendant's evil motive and/or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

**WHEREFORE**, plaintiff prays under Count V of this Complaint that this Court find that the defendant has engaged in unlawful employment practices under the laws governing equal employment opportunities and, because of said unlawful employment practices, grant and award:

- (a) a permanent injunction enjoining defendant, its officers, agents, employees, successors, and assigns, and all persons acting in concert or participating with defendant, from engaging in any employment practice which discriminates against persons because of retaliation, including plaintiff herein;

- (b) reinstatement to her position with defendant;

- (c) a judgment in an amount allowed by law for her actual and exemplary damages;

- (d) plaintiff the cost and expenses of this action.

## DEMAND FOR JURY TRIAL

Plaintiff does demand a jury trial on all issues raised herein.

        Respectfully Submitted,
        **NETTERVILLE & ASSOCIATES**

        By /s/Doc Netterville IV
        DOC NETTERVILLE IV #70592
        819 Walnut, Suite 204
        Kansas City, Missouri 64106

19

Case 4:02-cv-00463-GAF   Document 1   Filed 05/20/02   Page 19 of 20

(816) 472-5500
(816) 221-6863 (FAX)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby acknowledges that the original and a true and correct copy of the foregoing was mailed postage pre-paid certified mail on this 20th day of May, 2002 to:

> Mr. Gary Fish
> President, CEO
> Fishnet Security
> 1710 Walnut
> Kansas City, MO 64108

> __/s/ Doc Netterville IV
> Doc Netterville IV