IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Audra McLeod | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4-02-00463-GAF |
| | ) |
| FishNet Consulting, Inc. | ) |
| d/b/a FishNet Security | ) |
| | ) |
| Defendant. | ) |

## ANSWER

FishNet Consulting, Inc., (hereinafter "FishNet"), by and through its attorneys of record makes this Answer in response to the Complaint of plaintiff Audra McLeod as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### A. PARTIES

1. Defendant FishNet admits the allegations of paragraph 1 of plaintiff's Complaint.

2. Defendant FishNet admits the allegations of paragraph 2 of plaintiff's Complaint.

3. Defendant FishNet admits that it is a corporation doing business in the Western District of Missouri, with its main office located at 1710 Walnut and that it has more than thirty employees. Defendant FishNet denies the remaining allegations in paragraph 3 of plaintiff's Complaint.

### B. JURISDICTION

4. Defendant FishNet admits that plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights,

said charge designated as Charge Number 281A11193. Defendant denies the remaining allegations of paragraph 4 of plaintiff's Complaint.

5. Defendant FishNet admits that on February 14, 2002 the Equal Employment Opportunity Commission issued a Notice of Right to Sue to plaintiff, but defendant denies the remaining allegations of paragraph 5 of plaintiff's Complaint.

6. Defendant FishNet is without information and belief as to the allegations in paragraph 6 of plaintiff's Complaint and therefore denies said allegations.

7. Defendant denies the allegations of paragraph 7 of plaintiff's Complaint.

### C. FACTUAL ALLEGATIONS

8. Defendant denies the allegations of paragraph 8 of plaintiff's Complaint.

9. Defendant FishNet denies the allegations of paragraph 9 of plaintiff's Complaint, including all subparts.

10. Defendant FishNet denies the allegations of paragraph 10 of plaintiff's Complaint, including all subparts.

11. Defendant FishNet denies the allegations of paragraph 11 of plaintiff's Complaint.

12. Defendant FishNet denies the allegations of paragraph 12 of plaintiff's Complaint.

13. Defendant FishNet denies the allegations of paragraph 13 of plaintiff's Complaint.

14. Defendant FishNet denies the allegations of paragraph 14 of plaintiff's Complaint.

15. Defendant FishNet denies the allegations of paragraph 15 of plaintiff's Complaint.

16. Defendant FishNet denies the allegations of paragraph 16 of plaintiff's Complaint.

17. Defendant FishNet denies the allegations of paragraph 17 of plaintiff's Complaint.

18. Defendant FishNet denies the allegations of paragraph 18 of plaintiff's Complaint.

19. Defendant FishNet denies the allegations of paragraph 19 of plaintiff's Complaint.

**COUNT I – FEDERAL CLAIM**
**(TITLE VII) – DISCRIMINATION BASED UPON RACE)**

20. Defendant FishNet denies the allegations of paragraph 20 of plaintiff's Complaint.

21. Defendant FishNet denies the allegations of paragraph 21 of plaintiff's Complaint, including all subparts.

22. Defendant FishNet denies the allegations of paragraph 22 of plaintiff's Complaint.

23. Defendant FishNet denies the allegations of paragraph 23 of plaintiff's Complaint.

WHEREFORE, defendant FishNet prays that this Court enter judgment in its favor and against plaintiff McLeod, deny the permanent injunction, deny all other relief requested by plaintiff, and award defendant FishNet its costs and reasonable attorney's fees and for such other relief as the Court deems just and proper.

## COUNT II – FEDERAL CLAIM
## (TITLE VII) – DISCRIMINATION BASED UPON RETALIATION

24. Defendant FishNet denies the allegations of paragraph 24 of plaintiff's Complaint.

25. Defendant FishNet denies the allegations of paragraph 25 of plaintiff's Complaint, including all subparts.

26. Defendant FishNet denies the allegations of paragraph 26 of plaintiff's Complaint.

27. Defendant FishNet denies the allegations of paragraph 27 of plaintiff's Complaint.

WHEREFORE, defendant FishNet prays that this Court enter judgment in its favor and against plaintiff McLeod, deny the permanent injunction, deny all other relief requested by plaintiff, and award defendant FishNet its costs and reasonable attorney's fees and for such other relief as the Court deems just and proper.

## COUNT III – MISSOURI CLAIM –
## DISCRIMINATION BASED UPON RACE

28. Defendant FishNet denies the allegations of paragraph 28 of plaintiff's Complaint.

29. Defendant FishNet denies the allegations of paragraph 29 of plaintiff's Complaint, including all subparts.

30. Defendant FishNet denies the allegations of paragraph 30 of plaintiff's Complaint.

31. Defendant FishNet denies the allegations of paragraph 31 of plaintiff's Complaint.

WHEREFORE, defendant FishNet prays that this Court enter judgment in its favor and against plaintiff McLeod, deny the permanent injunction, deny all other relief requested by plaintiff, and award defendant FishNet its costs and reasonable attorney's fees and for such other relief as the Court deems just and proper.

### COUNT IV – MISSOURI CLAIM – RETALIATION

32. Defendant FishNet denies the allegations of paragraph 32 of plaintiff's Complaint.

33. Defendant FishNet denies the allegations of paragraph 33 of plaintiff's Complaint, including all subparts.

34. Defendant FishNet denies the allegations of paragraph 34 of plaintiff's Complaint.

35. Defendant FishNet denies the allegations of paragraph 35 of plaintiff's Complaint.

WHEREFORE, defendant FishNet prays that this Court enter judgment in its favor and against plaintiff McLeod, deny the permanent injunction, deny all other relief requested by plaintiff, and award defendant FishNet its costs and reasonable attorney's fees and for such other relief as the Court deems just and proper.

### COUNT V – 42 U.S.C. §1981 – RACIAL DISCRIMINATION

36. Defendant FishNet denies the allegations of paragraph 36 of plaintiff's Complaint.

37. Defendant FishNet denies the allegations of paragraph 37 of plaintiff's Complaint, including all subparts.

38. Defendant FishNet denies the allegations of paragraph 38 of plaintiff's Complaint.

39. Defendant FishNet denies the allegations of paragraph 39 of plaintiff's Complaint.

WHEREFORE, defendant FishNet prays that this Court enter judgment in its favor and against plaintiff McLeod, deny the permanent injunction, deny all other relief requested by plaintiff, award defendant FishNet its costs and reasonable attorney's fees and for such other relief as the Court deems just and proper.

## **COUNT VI – 42 U.S.C. §1981 – RETALIATION**

40. Defendant FishNet denies the allegations of paragraph 40 of plaintiff's Complaint.

41. Defendant FishNet denies the allegations of paragraph 41 of plaintiff's Complaint, including all subparts.

42. Defendant FishNet denies the allegations of paragraph 42 of plaintiff's Complaint.

43. Defendant FishNet denies the allegations of paragraph 43 of plaintiff's Complaint.

WHEREFORE, defendant FishNet prays that this Court enter judgment in its favor and against plaintiff McLeod, deny the permanent injunction, deny all other relief requested by plaintiff, award defendant FishNet its costs and reasonable attorney's fees and for such other relief as the Court deems just and proper.

# AFFIRMATIVE DEFENSES

1. Defendant FishNet denies each and every other allegation of plaintiff's Complaint except for matters heretofore expressly admitted.

2. Defendant FishNet states that plaintiff McLeod's Complaint fails to state a claim upon which relief may be granted.

3. That by way of affirmative defense, defendant FishNet states that plaintiff McLeod has failed to exhaust or utilize her administrative remedies and judicial prerequisites and remedies, required prior to the institution and commencement of this action.

4. That by way of affirmative defense, FishNet states that plaintiff's cause of action is barred because plaintiff failed to file her Complaint with ninety (90) days of the issuance of her Notice of Suit Rights as required by 42 U.S.C. sec. 2000 et seq. The Notice of Suit Rights was issued on February 14, 2002 and plaintiff's Complaint was not filed until May 20, 2002.

5. That by way of affirmative defense, defendant FishNet states that plaintiff's claims against defendant FishNet are barred because the termination of plaintiff McLeod was the direct and proximate result of McLeod's own improper actions, failure to follow reasonable directions of her superiors, failure to follow FishNet's policies and procedures and general lack of productivity. Actions which demonstrated plaintiff's failure to follow directions and policies include, but are not limited to, repeated and excessive tardiness, missed days of work, excessive phone usage, leaving work early without permission or notice to her superior and refusal to follow the directions of her superiors.

6. That by way of affirmative defense, defendant FishNet states that plaintiff's claims against defendant FishNet are barred because of plaintiff McLeod's failure to abide by the

direction of her superior and as a result of repeated warnings and misconduct admitted by plaintiff McLeod.

7. That by way of affirmative defense, defendant FishNet states that all actions taken by FishNet were taken based upon reasonable practice, reasonable business practice and not the result of any discrimination and/or retaliation as alleged in plaintiff McLeod's Complaint.

WHEREFORE, defendant FishNet prays that this Court enter judgment in its favor and against plaintiff McLeod, deny plaintiff's request for permanent injunction and deny all other relief requested by plaintiff, award defendant FishNet its costs and reasonable attorney's fees and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues raised herein.

SPRADLEY & RIESMEYER
A Professional Corporation


/s/ Frederick H. Riesmeyer, II
Frederick H. Riesmeyer, II     MO #26062
Douglas D. Silvius             MO #34810

Belletower Building, Suite 210
4700 Belleview
Kansas City, MO  64112
816/753-6006
FAX:  816/502-7898

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served this 19th day of June, 2002, on: Doc Netterville, IV, Netterville & Associates, 819 Walnut Street, Suite 204, Kansas City, MO 64106, Attorney for Plaintiff, by sending a copy via: ☐ U.S. Mail, postage pre-paid; ☐ Fax; ☐ e-mail; ☐ Federal Express; ☐ Hand-delivery.

    /s/ Frederick H. Riesmeyer, II
    Attorney for Defendant